JAMES E. HARPER
Nevada Bar No. 9822
TAYLOR G. SELIM
Nevada Bar No. 12091
**HARPER | SELIM**
1707 Village Center Circle, Suite 140
Las Vegas, Nevada 89134
Phone: (702) 948-9240
Fax:    (702) 778-6600
Email: eservice@harperselim.com
*Attorneys for Defendant*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| REBECCCA REYES, an individual; | CASE NO.: |
| Plaintiff, | |
| vs. | **STATE FARM'S PETITION FOR REMOVAL** |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a foreign corporation; DOES I through X, inclusive; and ROE CORPORATIONS, I through X, inclusive, | |
| Defendants. | |

TO:     THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEVADA

State Farm Mutual Automobile Insurance Company ("State Farm"), by and through its

attorneys, HARPER | SELIM, hereby removes this action to the United States District Court for the

District of Nevada.

The basis of removal is as follows:

1.      This Court has original jurisdiction over the subject matter of this action under the

provisions of 28 U.S.C. § 1332 in that there is complete diversity between the parties and more than

$75,000 in controversy, exclusive of interest and costs.

2.      State Farm, is an Illinois corporation with its principal place of business in that state,

and is authorized to transact insurance under the laws of the State of Nevada. State Farm is a

defendant in the above-entitled action now pending in the District Court, Clark County, Nevada, Case No. A-18-768375-C, Dept. XXIV. It is alleged in the complaint that the Plaintiff, Rebecca Reyes (hereinafter "Plaintiff"), is a resident of the State of Nevada.

3.      With respect to the amount in controversy, the allegations in the Complaint coupled with the documents contained in the claims file establish an amount in controversy in excess of $75,000. For instance, the claims file documents, which are incorporated in full by this reference, show that Plaintiff qualifies as an insured under a State Farm automobile policy with underinsured motorist ("UIM") benefits of $100,000 per person, per accident. According to the Complaint Plaintiff has incurred damages in medical bills, medication, therapy, emotional trauma, mental anguish, and pain and suffering in excess of $79,000 that she attributes to the subject accident and Plaintiff has demanded payment of her entire $100,000 UIM policy limits. As of the date of this Notice of Removal, State Farm has not paid any UIM benefits to Plaintiff; therefore, from a contractual standpoint, alone, there is $100,000 in controversy. The Complaint, moreover, seeks general damages; punitive damages; treble damages; interest; and for such other relief as the Court deems just and proper. The file materials, coupled with the allegations of the Complaint, therefore, establish that the amount in controversy is above the $75,000 jurisdictional threshold. *See e.g., Hunter v. United Van Lines*, 746 F.2d 635 (9th Cir. 1984) (holding that in cases involving a single plaintiff, the aggregate value of the plaintiff's claims may be used to meet the $75,000 amount in controversy requirement); *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818 (6th Cir. 2006); *Long John Silver's, Inc. v. DIWA III, Inc.*, 650 F.Supp.2d 612 (E.D. Ky. 2009); *Iglesias v. Mutual Life Ins. Co.*, 918 F.Supp. 31 (D. P.R. 1996).

In addition, this Court may also consider insurance bad faith verdicts in Nevada as further evidence in establishing the requisite amount in controversy. *McCaa v. Mass. Mut. Life Ins. Co.*, 330 F. Supp. 2d. 1143 (D. Nev. 2004). Representative verdicts include: *Tracy v. American Family*, 2:09-cv-01257-GMN-PAL (in a September 2010 insurance bad faith case, the jury just awarded $50,000 for breach of contract, and then awarded an additional $150,000 in "general damages" for violation of NRS 686A.310; no award for punitive damages); *Republic Ins. Co. v. Hires*, 107 Nev. 317 (1991)

HARPER|SELIM

CIVIL AND COMMERCIAL LITIGATION

2

(in an insurance bad faith case, the jury awarded $450,000 for compensatory damages and $22.5 million for punitive damages); *Guaranty Nat'l v. Potter*, 112 Nev. 199 (1996) (in an insurance bad faith case, the jury awarded $75,000 for general compensatory damages even though the insureds were "out-of-pocket" only $4,000; and awarded punitive damage award of $1,000,000); *Albert H. Wholers & Co. v. Bartgis*, 114 Nev. 1249 (1998) (in an insurance bad faith case, the jury awarded $8,757 for "out-of-pocket" damages; $750,000 for general damages; and $7,500,000 in punitive damages against the insurance company); *Merrick v. Paul Revere Life*, 594 F. Supp. 2d 1168 (D. Nev. 2008) (in an insurance bad faith case, the jury awarded $30,000,000 in punitive damages). When all of this evidence is taken together, it is clear that the amount in controversy exceeds $75,000, and that the requirements set forth in 28 U.S.C. § 1332 have been met. As such, removal to federal court based upon diversity jurisdiction is appropriate.

4.      The Notice of Removal is timely. Service of the complaint was effected on State Farm via the Nevada Division of Insurance on February 8, 2018 and State Farm was notified of that service on February 13, 2018. Pursuant to 28 U.S.C. § 1446 (b)(3), State Farm now timely removes the action to the United States District Court for the District of Nevada.

5.      A copy of the Complaint, Summons, and Affidavit of Service are attached hereto as Exhibit "A."

6.      State Farm has concurrently filed a copy of this Petition for Removal with the Clark County District Court Clerk, and has served a copy of this upon Plaintiff.

Based on the foregoing, State Farm removes the above action now pending in the Eighth Judicial District Court, Case No. A-18-768375-C, Dept. XXIV, to this Court.

DATED this 14th day of March 2018.

**HARPER | SELIM**

JAMES E. HARPER
Nevada Bar No. 9822
TAYLOR G. SELIM
Nevada Bar No. 12091
1707 Village Center Circle, Suite 140
Las Vegas, NV 89134
*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

Pursuant to Rule 5(b) of the Nevada Rules of Civil Procedure, I hereby certify under penalty of perjury that I am an employee of HARPER | SELIM and that on the 14th day of March 2018, the foregoing **STATE FARM'S PETITION FOR REMOVAL** was served upon the parties via the Court's e-Filing and service program as follows:

Jerome R. Bowen, Esq.
Daniel P. Nubel, Esq.
BOWEN LAW OFFICES
9960 W. Cheyenne Avenue, Suite 250
Las Vegas, NV  89129
*Attorney for Plaintiff*

_____
An Employee of
HARPER | SELIM

4

Exhibit "A"



**Notice of Service of Process**

**null / ALL**
**Transmittal Number: 17795975**
**Date Processed: 02/21/2018**

| | |
|---|---|
| **Primary Contact:** | State Farm Enterprise SOP<br>Corporation Service Company- Wilmington, DELAWARE<br>251 Little Falls Dr<br>Wilmington, DE 19808-1674 |

| | |
|---|---|
| **Entity:** | State Farm Mutual Automobile Insurance Company<br>Entity ID Number  3461675 |
| **Entity Served:** | State Farm Mutual Automobile Insurance Company |
| **Title of Action:** | Rebecca Reyes vs. State Farm Mutual Automobile Insurance Company |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Clark County District Court, Nevada |
| **Case/Reference No:** | A-18-768375-C |
| **Jurisdiction Served:** | Nevada |
| **Date Served on CSC:** | 02/20/2018 |
| **Answer or Appearance Due:** | 20 Days |
| **Originally Served On:** | NV Division of Insurance 02/08/2018 |
| **How Served:** | Certified Mail |
| Sender Information: | Jerome R. Bowen<br>702-240-5191 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

**BRIAN SANDOVAL**
*Governor*

# STATE OF NEVADA

**C.J. MANTHE**
*Director*



**BARBARA D. RICHARDSON**
*Commissioner*



### DEPARTMENT OF BUSINESS AND INDUSTRY
## DIVISION OF INSURANCE
3300 West Sahara Avenue, Suite 275
Las Vegas, Nevada 89102-3200
(702) 486-4009      •      Fax (702) 486-4007
Website: doi.nv.gov
E-mail: insinfo@doi.nv.gov

February 13, 2018

State Farm Mutual Automobile Insurance Company
c/o CSC Services of Nevada, Inc.
2155 Renaissance Dr., Ste. B
Las Vegas, NV 89119-6727

RE:    Rebecca Reyes vs. State Farm Mutual Automobile Insurance Company, et al.
District Court, Clark County, Nevada
Case No. A-18-768375-C

Dear Sir or Madam:

Enclosed please find the following documents: Summons and Complaint. These documents have been served upon the Commissioner of Insurance as your attorney for service of process on February 8, 2018.

The appropriate action should be taken immediately, as you may only have 30 days from the date of this service to respond.

If you have any questions regarding this service, please advise.

Sincerely,

BARBARA D. RICHARDSON
Commissioner of Insurance

By:  RHONDA KELLY
Service of Process Clerk

Enclosures

c:    Daniel P. Nubel, Esq.

## PROOF OF SERVICE

I hereby declare that on this day I served a copy of the Summons and Complaint upon the following defendant in the within matter, by shipping a copy thereof, via Certified mail, return receipt requested, to the following:

>
> State Farm Mutual Automobile Insurance Company
> c/o CSC Services of Nevada, Inc.
> 2155 Renaissance Dr., Ste. B
> Las Vegas, NV 89119-6727
> CERTIFIED MAIL NO. 7016 3010 0000 0486 2855

I declare, under penalty of perjury, that the foregoing is true and correct.

DATED this 13th day of February, 2018.

RHONDA KELLY
Employee of the State of Nevada
Department of Business and Industry
Division of Insurance

RE:     Rebecca Reyes vs. State Farm Mutual Automobile Insurance Company, et al.
        District Court, Clark County, Nevada
        Case No. A-18-768375-C

State of Nevada, Division of Insurance
This document on which this certificate
is stamped is a full, true and correct
copy of the original.

Date: 2/13/18     By: _____

-1-



BRIAN SANDOVAL
*Governor*

**STATE OF NEVADA**

C.J. MANTHE
*Director*

BARBARA D. RICHARDSON
*Commissioner*



DEPARTMENT OF BUSINESS AND INDUSTRY
**DIVISION OF INSURANCE**
3300 West Sahara Avenue, Suite 275
Las Vegas, Nevada 89102-3200
(702) 486-4009  •  Fax (702) 486-4007
Website: doi.nv.gov
E-mail: insinfo@doi.nv.gov

February 13, 2018

Daniel P. Nubel, Esq.
BOWEN LAW OFFICES
9960 W. Cheyenne Ave., Ste. 250
Las Vegas, NV 89129

RE:  Rebecca Reyes vs. State Farm Mutual Automobile Insurance Company, et al.
District Court, Clark County, Nevada
Case No. A-18-768375-C

Dear Mr. Nubel:

The Division received the service of process documents on February 8, 2018, regarding the above-entitled matter. Service has been completed on State Farm Mutual Automobile Insurance Company this date and enclosed are the following:

1.  A copy of our letter to State Farm Mutual Automobile Insurance Company dated February 13, 2018;
2.  A certified copy of the Proof of Service dated February 13, 2018; and
3.  Your receipt in the amount of $30.00.

Pursuant to *Nevada Revised Statutes (NRS)* 680A.260, 685A.200, and 685B.050, all documents after initial service of process may be served directly to the party.

If you have any questions regarding this service, please so advise.

Sincerely,

BARBARA D. RICHARDSON
Commissioner of Insurance

By: *Rhonda Kelly*

RHONDA KELLY
Service of Process Clerk

Enclosures

c:  State Farm Mutual  Automobile Insurance Company

Electronically Issued
2/5/2018 1:21 PM



1 | JEROME R. BOWEN, ESQ.
Nevada Bar No.4540
2 | DANIEL P. NUBEL, ESQ.
Nevada Bar No. 13553
3 | **BOWEN LAW OFFICES**
9960 W., Cheyenne Ave., Suite 250
4 | Las Vegas, Nevada 89129
Telephone: (702)240-5191✦Facsimile: (702) 240-5797
5 | twilcox@lvlawfirm.com
*Attorneys for Plaintiff*
6

7 | **DISTRICT COURT**

8 | **CLARK COUNTY, NEVADA**

9 | * * *

10

REBECCA REYES, an individual;          Case No.: A-18-768375-C
11                                        Dept No.:24

12 | Plaintiff,

vs.

13

STATE FARM MUTUAL AUTOMOBILE
14 | INSURANCE COMPANY, a foreign          **SUMMONS**
corporation; DOES I through X, inclusive;
15 | and ROE CORPORATIONS, I through X,
inclusive;
16

17 | Defendants.

18

19 | TO: State Farm Mutual Automobile Insurance Company

20 | **NOTICE!  YOU HAVE BEEN SUED.  THE COURT MAY DECIDE AGAINST YOU WITHOUT**

21 | **YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS. READ THE INFORMATION BELOW.**

22 | **TO THE DEFENDANT:**  A civil Complaint has been filed by the Plaintiff against you for the relief set forth

23 | in the Complaint.

24 | 1. If you intend to defend this lawsuit, within 20 days after this Summons is served on you exclusive of the day

25 | of service, you must do the following:

26 | a. File with the Clerk of the Court, whose address is shown below, a formal written response to the

Complaint in accordance with the rules of the Court.

27 | b. Serve a copy of your response upon the attorney whose name and address is shown below.

BOWEN LAW OFFICES
Conquistador Plaza
9960 W. Cheyenne Ave., Ste. 250
Las Vegas, Nevada 89129
702-240-5191 FAX: 702-240-5797

1      2. Unless you respond, your default will be entered upon application of the plaintiff and this Court may enter

2  a judgment against you for the relief demanded in the Complaint, which could result in the taking of money or property

3  or other relief requested in the Complaint.

4      3. If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response

5  may be filed on time.

6  Issued at direction of:

7

8  *Daniel Nubel*

   JEROME R. BOWEN, ESQ.

   Nevada Bar No. 4540

9  DANIEL NUBEL, ESQ.

   Nevada Bar No. 13553

10 9960 W. Cheyenne Ave., Suite 250

   Las Vegas, Nevada 89129

11 Attorney for Plaintiffs

12 NOTE:  When service is by publication, add a brief statement of the object of the action.   See Rules of Civil Procedure, Rule 4(b).

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

By: _Josefina San Juan_   2/6/2018
    CLERK OF THE COURT      Date
    County Courthouse
    200 Lewis Avenue
    Las Vegas, Nevada  89155

BOWEN LAW OFFICES
Conquistador Plaza
9960 W. Cheyenne Ave., Ste. 250
Las Vegas, Nevada 89129
702-240-5191  FAX: 702-240-5797

Page 2 of 2

RECEIVED
FEB 08 2018
DIVISION OF INSURANCE
STATE OF NEVADA

Electronically Filed
1/25/2018 10:08 AM
Steven D. Grierson
CLERK OF THE COURT

JEROME R. BOWEN, ESQ.
Nevada Bar No.4540
DANIEL P. NUBEL, ESQ.
Nevada Bar No. 13553
**BOWEN LAW OFFICES**
9960 W. Cheyenne Ave., Suite 250
Las Vegas, Nevada 89129
Telephone: (702)240-5191✦Facsimile: (702) 240-5797
twilcox@lvlawfirm.com
*Attorneys for Plaintiff*

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

* * *

|  |  |
|---|---|
| REBECCA REYES, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a foreign corporation; DOES I through X, inclusive; and ROE CORPORATIONS, I through X, inclusive,<br><br>Defendants. | Case No.: A-18-768375-C<br>Dept No.: Department 24<br><br>**COMPLAINT**<br><br>**ARBITRATION EXEMPTION CLAIMED**<br>**Declaratory Relief Requested** |

Plaintiff, REBECCA REYES ("Plaintiff" or "Ms. Reyes"), by and through her counsel, BOWEN LAW OFFICES, complains and alleges as follows:

**PARTIES & JURISDICTION**

1.      That at all times relevant hereto, Plaintiff, Rebecca Reyes, was a resident of Clark County, State of Nevada.

2.      That all of the material facts and circumstances that give rise to the subject lawsuit occurred in Clark County, State of Nevada.

3.      Plaintiff is informed and believes, and upon that information and belief, alleges that at all times relevant herein, Defendant State Farm Mutual Automobile Insurance Company ("State Farm" or "Defendant") is a foreign corporation of Clark County, Nevada. Further, Defendant State

BOWEN LAW OFFICES
Conquistador Plaza
9960 W. Cheyenne Ave., Suite 250
Las Vegas, Nevada 89129
702-240-5191  FAX: 702-240-5797

1    Farm committed actionable conduct in the State of Nevada and has sufficient minimum contacts

2    within the State of Nevada to subject itself to the jurisdiction of the courts of the State of Nevada.

3           4.      The Defendants designated as DOES I through X, inclusive, are owners, employers,

4    employees, agents, assigns, partners, predecessors or successors in interest, and/or contractors of

5    Defendant and/or are other individuals who were involved in the acts which form the basis of the

6    allegations and claims contained herein. The true and correct names of said Defendants are currently

7    unknown to Plaintiff who therefore sues said Defendants by said fictitious names. When the true

8    identities of said Defendants are ascertained, Plaintiff will ask leave of this Court to amend her

9    Complaint to insert such names.

10          5.      The Defendants designated as ROE Corporations I through X, inclusive, are the

11   owners, employers, general contractors or contractors, assignors, parent or subsidiary business

12   entities, partner, and/or predecessor or successor entities of Defendant, and each of them, or are

13   otherwise somehow responsible for the acts which form the basis of the allegations and claims

14   contained herein. The true and correct identities of said business entities and/or corporations are at

15   this time unknown to Plaintiff who therefore sues said business entities and/or corporations under

16   such fictitious names. When the true names of said Defendants are ascertained, Plaintiff will ask

17   leave of this Court to amend her Complaint to insert such names.

18          6.      Pursuant to NRCP 10 (a) and <u>Nerenberger Hercules-Weke GMBH v. Virosiek</u> 107

19   Nev. 873, 822 P.2d 1100 (1991), the identity of defendants designated as DOE Defendants and/or

20   ROE CORPORATIONS I through X are unknown at the present time; however, it is alleged and

21   believed these defendants were involved in the initiation, approval, support or execution of the

22   wrongful acts upon which this litigation is premised, or of similar actions directed against Plaintiff

23   about which they are presently unaware. These defendants are in some manner negligently,

24   vicariously or statutorily responsible for the events and happenings referred to and caused damages

25   proximately to Plaintiff herein. When the specific identities of these parties are revealed through the

26   course of discovery, the DOE/ROE appellation will be replaced to identify these parties by their true

27   names and capacities.

28

BOWEN LAW OFFICES
Conquistador Plaza
9960 W. Cheyenne Ave., Suite 250
Las Vegas, Nevada 89129
702-240-5191  FAX: 702-240-5797

7.     Venue is proper in this Court as the automobile accident that is the subject of this lawsuit occurred in Clark County, Nevada. Plaintiff, who was injured in said accident, is a resident of Las Vegas, Nevada. Defendant State Farm, the insurer of of both the non-party tortfeasor and Plaintiff, engaged in the transaction of business which involved written insurance contracts issued in Nevada to be performed in Nevada and thus jurisdiction and venue are properly before this Court.

## GENERAL ALLEGATIONS

8.     At all relevant times, there was in full force and effect a automobile insurance policy (the "Policy") between Plaintiff and Defendant whereby Defendant agreed to provide Plaintiff with, among other coverages, One-Hundred Thousand Dollars ($100,000.00) in underinsured motorist protection benefits. Plaintiff paid her premiums in reliance of receiving this underinsured motorist protection if she would so need it in the future.

8.     On or about February 23, 2011, Plaintiff was involved in a serious motor vehicle collision as the sole result of the negligence of a non-party tortfeasor, an underinsured motorist per the Policy. The Policy was in full force on February 23, 2011, the date of the collision.

As the sole result of the negligence of a non-party tortfeasor, Ms. He-Sun Mogielnicki, an underinsured motorist per her Policy, Mr. Spillett incurred damages in medical bills, medication, therapy, emotional trauma, mental anguish, and pain and suffering in excess of $79,000.00.

9.     As a result of the aforementioned accident with the third-party at fault driver, Plaintiff demanded and settled for policy limits of $25,000.00 from Ms. Mogielnick for her State Farm policy. However, the policy proceeds were inadequate for his incurred damages.

10.     Prior to the subject collision, Plaintiff purchased an automobile insurance policy (the "Policy") from State Farm in Nevada which provided various forms of motor vehicle coverage, including benefits for compensation resulting from injuries and damages caused by underinsured motorists. At the time of the subject collision, Plaintiff's Policy issued by Defendant State Farm, and/or DOES I through X, and Roe Corporations XI through XX, was in full force and effect.

11.     Following the collision, Plaintiff timely presented Defendant with all of her accident-related medical records and bills, and on or about December 19, 2013, Plaintiff made a request for

BOWEN LAW OFFICES
Conquistador Plaza
9960 W. Cheyenne Ave., Suite 250
Las Vegas, Nevada 89129
702-240-5191   FAX: 702-240-5797

contractual underinsured motorist policy benefits from Defendant. In this request, Plaintiff informed Defendant that the non-party tortfeasor's underlying insurance limits were too low to fully compensate Plaintiff for her injuries.

12.    In or about December 19, 2014, State Farm substantially undervalued Plaintiff's claim and failed to make adequate payment to Plaintiff as was required under the UIM insurance policy. State Farm's refusal to make adequate payment to Plaintiff was made without a reasonable basis in fact or law. State Farm's refusal to make adequate payment to Plaintiff was made in bad faith and for the purpose of denying benefits of contract for UIM coverage to Plaintiff. offer to compensate him for the full extent of his entitled contractual benefits.

13.    State Farm's refusal to make adequate payment to Plaintiff was an unlawful attempt to force Plaintiff to accept less money than the amount due under the Policy. State Farm's actions herein constitute bad faith insurance practices.

### FIRST CAUSE OF ACTION

#### (Breach of Contract)

14.    Plaintiff repeats and re-alleges each and every preceding allegation as though fully set forth herein.

15.    The Policy is and was at all relevant times hereto a valid and enforceable agreement between Plaintiff and Defendant.

16.    Plaintiff performed all conditions, covenants and promises required to be performed by her in accordance with the terms and conditions of said Policy.

17.    By the terms of the Policy, Defendants (as well as Doe I-X and Roe Corporations XI-XX) were obligated to fully compensate Plaintiff for the injuries and damages she sustained by an underinsured motorist in the subject motor vehicle collision, up to the limits of her coverage. Defendant failed to perform this obligation under the Policy, despite Plaintiff timely providing Defendant with all of her relevant medical records and bills. Defendant failed to perform this obligation under the Policy, despite Plaintiff timely providing Defendant with all of his relevant medical records and bills. Defendants breached the agreement by, *inter alia*, refusing to properly compensate Plaintiff.

BOWEN LAW OFFICES
Conquistador Plaza
9960 W. Cheyenne Ave., Suite 250
Las Vegas, Nevada 89129
702-240-5191  FAX: 702-240-5797

18.     As a direct and proximate cause of Defendants breaches, Plaintiff sustained damages in excess of the UIM policy limits, including but not limited to interest and other incidental and foreseeable out-of-pocket expenses, including the need to retain the services of an attorney to obtain the wrongfully contested and withheld benefits, and the resulting attorney's fees and other costs of suit, the total amount of which will be subject to proof at the time of trial.

19.     Defendant State Farm's (as well as Doe I-X and Roe Corporations XI-XX) conduct described herein subjected and continues to subject Plaintiff to cruel and unjust hardship in conscious disregard to Plaintiff's rights constituting fraud, oppression and malice, entitling Plaintiff to punitive or exemplary damages in an amount in excess of Fifteen Thousand Dollars ($15,000.00) sufficient to punish or set an example of Defendant State Farm.

## SECOND CAUSE OF ACTION

### (Contractual and/or Tortious Breach of the Implied Covenant of Good Faith and Fair Dealing)

20.     Plaintiff repeats and re-alleges each and every preceding allegation as though fully set forth herein.

21.     The Policy referred to above was contractual, and as such, there existed an implied in law term imposing an obligation of good faith and fair dealing. Said term obligates the Defendant to refrain from taking any action which would otherwise interfere with the lawful and legal rights of Plaintiff to carry out the terms of the agreements. Further, said term requires that Defendant refrain from carrying out any act which would otherwise cause undue hardship on the Plaintiff.

22.     Defendant State Farm (as well as Does I-X and Roe Corporation I-X) breached the covenant of good faith and fair dealing by failing to fully compensate Plaintiff for the injuries and damages she sustained by an underinsured motorist in the subject motor vehicle collision, up to the limits of her coverage.

23.     As a direct and proximate cause of Defendant's conduct, Plaintiff has been damaged in an amount in excess of Fifteen Thousand Dollars ($15,000.00) and other incidental and foreseeable out-of-pocket expenses the total amount of which will be subject to proof at the time of trial.

BOWEN LAW OFFICES
Conquistador Plaza
9960 W. Cheyenne Ave., Suite 250
Las Vegas, Nevada 89129
702-240-5191   FAX: 702-240-5797

24.     An additional result of Defendant State Farm's (as well as Does I-X and Roe Corporation I-X) conduct is that it has caused Plaintiff much anxiety, worry, and stress. Plaintiff has been required to retain legal counsel to prosecute this action. Plaintiff is therefore entitled to recover reasonable attorney's fees, costs and expenses incurred in this action.

25.     Defendant State Farm's (as well as Doe I-X and Roe Corporations XI-XX) conduct described herein subjected and continues to subject Plaintiff to cruel and unjust hardship in conscious disregard to Plaintiff's rights constituting fraud, oppression and malice, entitling Plaintiff to punitive or exemplary damages in an amount in excess of Fifteen Thousand Dollars ($15,000.00) sufficient to punish or set an example of Defendant State Farm.

## THIRD CAUSE OF ACTION

### (Breach of Fiduciary Duty / Bad Faith)

## THIRD CAUSE OF ACTION

### (Breach of Fiduciary Duty / Bad Faith)

26.     Plaintiff repeats and re-alleges each and every preceding allegation as though fully set forth herein.

27.     Defendant State Farm, and/or its agents, also breached the duty known as the "special relation duty" owed by insurer to its insured as well as the fiduciary duty owed by an insurance carrier to its own insured constituting the tort of insurance bad faith, in failing to reasonably, properly, fairly, and timely evaluate and tender reasonable underinsured motorist policy benefits owed to Plaintiff as provided for by the policy of insurance.

28.     As a proximate result of Defendant State Farm and its agents' breach of the special and fiduciary duty owed to Plaintiff, Plaintiff has suffered financial loss, anxiety, worry, mental and emotional distress and other incidental damages all to Plaintiff's general damage in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

29.     Defendant State Farm's (as well as Doe I-X and Roe Corporations XI-XX) conduct described herein subjected and continues to subject Plaintiff to cruel and unjust hardship in conscious disregard to Plaintiff's rights constituting fraud, oppression and malice, entitling Plaintiff to punitive or exemplary damages in an amount in excess of Fifteen Thousand Dollars ($15,000.00)

BOWEN LAW OFFICES
Conquistador Plaza
9960 W. Cheyenne Ave., Suite 250
Las Vegas, Nevada 89129
702-240-5191   FAX: 702-240-5797

1  sufficient to punish or set an example of Defendant State Farm.

2

3                           **FOURTH CAUSE OF ACTION**

4          **(Violation of the Unfair Claim Practices Act - Unfair Trade Practices)**

5          30.     Plaintiff repeats and re-alleges each and every preceding allegation as though fully

6  set forth herein.

7          31.     Defendant State Farm is a member of the class of entities intended to be regulated by

8  Nevada Revised Statutes 686A.310, *et seq*. Plaintiff is a member of the class of persons protected

9  by Nevada Revised Statutes 686A.310, *et seq*.

10         32.     Defendants (as well as Does I-X and Roe Corporation I-X), each of them, engaged

11  in the business of insurance in Nevada is, and at all times mentioned was a member of the class

12  regulated by NRS 686A.310, *et. seq*. Defendants, each of them, owed a duty to Plaintiff to act fairly

13  in handling claims as required by NRS 686A.10 and NAC684A.675.

14         33.     Defendants (as well as Does I-X and Roe Corporation I-X) violated their duty to

15  Plaintiff to act fairly in handling claims under NRS 686A.310 and NAC 686A.675 by the conduct

16  enumerated herein above, including, but not limited to: wrongfully contesting the Policy; failing to

17  acknowledge and act reasonably and promptly upon communications with respect to the claims

18  arising out of the policy of insurance; failing to place Plaintiff's interests on equal ground with their

19  own; refusing to pay all sums due to Plaintiff; compelling Plaintiff to institute litigation to recover

20  amounts due under the insurance policy and carrying out unfair and deceptive trade practices in the

21  business of insurance; violating NRS 686A.310 (b),( c), (d),(l) &(n).  By the aforesaid acts and

22  omissions, Defendant State Farm has violated its statutory duties contained with Nevada Revised

23  Statutes 686A.310, *et seq*.

24         34.     As a proximate result of Defendant State Farm and its agents' breach of its statutory

25  duties, Plaintiff has suffered damage in an amount in excess of Fifteen Thousand Dollars

26  ($15,000.00).

27         35.     Plaintiff has been required to retain legal counsel to prosecute this action. Plaintiff

28  is therefore entitled to recover reasonable attorney's fees, costs and expenses incurred in this action.

BOWEN LAW OFFICES
Conquistador Plaza
9960 W. Cheyenne Ave., Suite 250
Las Vegas, Nevada 89129
702-240-5191  FAX: 702-240-5797

36.     That as a further proximate result of Defendants' (as well as Does I-X and Roe Corporation I-X) conduct described herein was intended to cause injury to Plaintiff or was despicable conduct carried on by Defendants, which has been reckless, willful, malicious and/or negligent and done with a conscious disregard of Plaintiff's rights, subjected Plaintiff to cruel and unjust hardship, and was intentional misrepresentation, deceit, or concealment of material facts known to Defendants with the intention, implied or in fact, to deprive, Plaintiff of property, legal rights, or to otherwise oppress and/or cause injury, under NRS 42.005, thereby entitling Plaintiff to punitive and/or exemplary damages in an amount appropriate to punish or set an example of Defendants.

## FIFTH CAUSE OF ACTION

### (Negligent and/or Intentional Misrepresentation)

37.     Plaintiff repeats and re-alleges each and every preceding allegation as though fully set forth herein.

38.     Defendant State Farm owed a duty to Plaintiff to ensure that the insurance contract was generally fit for the ordinary purpose for which it was written and that Defendant would honor the contract terms when presented with a valid claim.

39.     Defendant State Farm knew or should have known that Defendant would not honor the terms of the insurance contract prior to selling the Policy to Plaintiff, but negligently and/or intentionally misrepresented to Plaintiff it would do so.

40.     Plaintiff relied on Defendant's representations when he entered into the insurance contract, and said representations served as an inducement to enter into said contract.

41.     That by failing to ensure that the insurance contract adequately protected Plaintiff prior to inducing Plaintiff to enter into the contract, Defendant breached its duty to the Plaintiff.

42.     As a proximate result of Defendant State Farm and its agents' negligent and/or intentional misrepresentations, Plaintiff has suffered damages in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

BOWEN LAW OFFICES
Conquistador Plaza
9960 W. Cheyenne Ave., Suite 250
Las Vegas, Nevada 89129
702-240-5191  FAX: 702-240-5797

BOWEN LAW OFFICES
Conquistador Plaza
9960 W. Cheyenne Ave., Suite 250
Las Vegas, Nevada 89129
702-240-5191  FAX: 702-240-5797

## SIXTH CAUSE OF ACTION

### (Declaratory Relief)

43.     Plaintiff repeats and re-alleges each and every preceding allegation as though fully set forth herein.

44.     Defendant State Farm owed Plaintiff the following duties, among others: (a) a duty to honor the UIM insurance contract for the entire policy duration; (b) a duty to conduct a prompt, reasonable and diligent investigation of the facts of the case to determine the validity of the claims made by Plaintiff; © a duty to evaluate the Plaintiff's claims fairly; (d) a duty to attempt in good faith to effectuate a prompt, fair and equitable settlement of a claim where liability is reasonable clear; (e) a duty to act promptly and reasonably in settling the claim; (f) a duty not to reject a reasonable and fair offer of settlement; (g) a duty not to put its insured through unnecessary litigation; (h) a duty not to put its insured's assets at risk; (i) a duty to refrain from actions that would injure the Plaintiff's insured ability to obtain the benefits of the insurance contract; and (j) a duty of good faith and fair dealing.

45.     Upon information and belief, the Plaintiff alleges that Defendant State Farm breached its duties owed to Plaintiff by, among other things: (a) failing to honor the UIM insurance contract; (b) failing to conduct a prompt, reasonable and diligent investigation of the claims made against State Farm Insurance; ( c) failing to evaluate the claim fairly; (d) failing to tender the claims; (e) failing to attempt in good faith to effectuate a prompt, fair and equitable settlement of the claim; (f) not making any reasonable settlement offers to offer the claims; (g) failing to accept reasonable and fair offers of settlement; (h) putting its insured, Plaintiff herein, through unnecessary litigation; (i) putting its insured's personal assets at risk; and (j) failing to pay any reasonable portion of the insurance coverage to Plaintiff herein.

46.     As a direct and approximate result of State Farm's breaches of its duties that it owed to its insured, the Plaintiff herein, Plaintiff has been deprived of the benefits to which he was entitled and for which he bargained in the insurance contract, and was forced to incur expenses to obtain the benefits to which they were otherwise entitled and Plaintiff has otherwise been damaged in amounts

1  to be determined at trial. State Farm's actions herein constitute bad faith insurance practices.

2       47.    A dispute now exists between Plaintiff and Defendants (as well as Does I-X and Roe

3  Corporation I-X) as to the rights and obligations of the parties concerning the above-mentioned

4  allegations. Therefore, pursuant to N.R.S. 31.010, et seq., Plaintiff is entitled to have this court enter

5  a declaratory judgement setting forth the respective rights, duties and obligations of the parties

6  hereto. The Court should enter declaratory judgment, that Defendants must pay the policy limits to

7  Plaintiff herein, in order to satisfy the damages sustained by Plaintiff in the underlying accident.

8       48.    Plaintiff has been required to retain legal counsel to prosecute this action. Plaintiff

9  is therefore entitled to recover reasonable attorney's fees, costs and expenses incurred in this action

10

### PRAYER FOR RELIEF

11       Wherefore, Plaintiff prays for judgment in his favor and against Defendant (as well as Does

12  I-X and Roe Corporation I-X) as follows:

13       1.    For general and special damages in an amount in excess of Fifteen Thousand Dollars

14  ($15,000.00);

15       2.    For punitive damages and exemplary damages in an amount in excess of Fifteen

16  Thousand Dollars ($15,000.00);

17       3.    For declaratory judgment setting forth the rights, duties and obligations of the parties

18  under the aforementioned agreements, as well as pay the policy limits to Plaintiff herein.

19       4.    For Treble damages;

20       5.    For Interest;

21  //

22

23  //

24

25  //

26

27       6.    For reasonable attorney's fees and costs; and

28

**BOWEN LAW OFFICES**
Conquistador Plaza
9960 W. Cheyenne Ave., Suite 250
Las Vegas, Nevada 89129
702-240-5191  FAX: 702-240-5797

7.  For such other relief as the Court deems just and proper

DATED this 23 day of January, 2018.

**BOWEN LAW OFFICES**

Daniel Nubel

JEROME R. BOWEN, ESQ. (SBN 4540)
DANIEL P. NUBEL, ESQ. (SBN 13553)
9960 W. Cheyenne Ave., Suite 250
Las Vegas, Nevada 89129
Attorneys for Plaintiff

**BOWEN LAW OFFICES**
Conquistador Plaza
9960 W. Cheyenne Ave., Suite 250
Las Vegas, Nevada 89129
702-240-5191  FAX: 702-240-5797